FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:36 pm, Jun 16, 2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.

GERALD BARTH, Plaintiff

v.                                              Jury Trial requested:
                                                (please check one)
                                                __Yes _X__ No

CLIFFSIDE BEACH, INC. d/b/a CLIFFSIDE BEACH CLUB AND HOTEL,

, Defendant.

---

NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.

---

A. PLAINTIFF INFORMATION

GERALD BARTH, 1947 CIMARRON CIRCLE, STEAMBOAT SPRINGS, CO 80487

 610-996-3003   Gbarth85@gmail.com

B.   DEFENDANT INFORMATION

Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."

Defendant 1: CLIFFSIDE BEACH, INC., 46 JEFFERSON AVENUE, NANTUCKET MA 02554  ATTN ROBERT F. CURRIE, REGISTERED AGENT

Robert@Cliffsidebeach.com

C.   JURISDICTION

____  Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

__X__  Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of Colorado.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of MASSACHUSETTS (name of state or foreign nation).

Defendant 1 has its principal place of business in MASSACHUSETTS (name of state or foreign nation).

D.   STATEMENT OF CLAIM(S)

CLAIM ONE: Breach of Contract

FACTUAL BACKGROUND

1. On or about May 23, 2008, Plaintiff entered into a Club Membership Agreement with the Defendant Cliffside Beach, Inc. ("Club") d/b/a Cliffside Beach Club and Hotel (the "Agreement"), which provided for certain rights and privileges in exchange for the payment of an initiation fee of $160,000 which is refundable upon leaving the Club.
2. The Agreement stipulated that Plaintiff would be entitled to reimbursement of the initiation fee upon notice to the Club of Plaintiff's intent to resign and the admission of a new member to replace them or upon the sale of stock in the Club or its real estate.
3. Plaintiff resigned their membership in November 2015 and were entitled to prompt reimbursement of the initiation fee, subject to the addition of their name to the Club's "resignation list" and the subsequent admission of new members.
4. Plaintiff was informed that it could be several years before the Club would have enough new members to be able to reimburse Plaintiff's initiation fee. Subsequent to 2015, Plaintiff had no contact with the Club nor did Plaintiff receive any statements in the mail or communications from the Club.
5. Unknown to Plaintiff, the Club was charging Plaintiff for annual membership fees beginning in 2016 and then charging a monthly finance charge of 1.4% on the unpaid balance and compounding that charge. This practice continued from 2016 through August, 2022, date of the only statement received by Plaintiff.
6. Plaintiff was informed by the Club that if we were on the waitlist for the reimbursement of the initiation fee from the Club and if Plaintiff did not use any of the Club facilities, then there would be no annual membership fee charged.
7. At no time did the Club or any representative of the Club attempt to contact Plaintiff via postal mail or phone call to inquire about why Plaintiff was not making any payments on their account and to alert them that significant charges were accumulating on their account.
8. The Club claims that they were mailing monthly statements to Plaintiff's AOL email account, however, Plaintiff stopped using his AOL email account in 2013. Plaintiff checked his AOL email account and the last statement sent by the Club to this email account was in April 2017. The Club had a record of Plaintiff's active email account – Gbarth85@gmail.com.
9. In 2019 and 2020 Covid-19 pandemic occurred and Plaintiff assumed no activity was occurring at the Club. Plaintiff still believed that there was very little activity regarding new membership at the Club and there had been no contact from the Club to indicate otherwise.

3

10. In August, 2022, Plaintiff inquired as to the status of the reimbursement of their initiation fee and were informed that Plaintiff was not on the resignation list to have their initiation fee returned, the Club had been charging annual membership fees since 2016 along with compound interest on the unpaid balance, and that as of August 2022 Plaintiff had incurred over $100,000 of charges which would be applied against any reimbursement of our initiation fee of $160,000.
11. Plaintiff sent a letter to the Club and attention of Robert Currie President in January 2024 requesting a net reimbursement of $149,650. Plaintiffs demand for the reimbursement was summarily rejected by the Club.
12. Defendant is a Massachusetts "for profit" corporation and therefore the Club is subject to the Massachusetts Consumer Protection Act and has a covenant of good faith and fair dealing which requires that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. The purpose of the implied covenant of good faith is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties and performance.
13. The Defendant's failure to reimburse the Plaintiff's initiation fee as required under the Agreement constitutes a material breach of the Agreement. Defendant acknowledged Plaintiff was leaving the Club and expressed their sadness that Plaintiff and his wife were leaving.
14. Defendant's failure to attempt to contact the Plaintiffs and inquire as to why Plaintiff had not paid the outstanding balances is a breach of covenant of fair dealing. Also, Defendant's charging of annual membership dues as a "for profit" corporation is a violation of the MA Consumer Protection Act in that Defendant charged Plaintiff for services that were never rendered or used by Plaintiff. This is clearly prohibited under the MA Consumer Protection Act.
15. Defendant's by- laws and other corporate documents disclosed to Plaintiff have no reference to the charging of interest on a compound basis but Defendant followed this practice selectively as Plaintiff noted in early member statements prior to 2015, when Plaintiff had balances outstanding owed to the Club, unpaid balances were not charged any finance charges.
16. Defendant has no right to offset amounts Defendant claims it is owed for annual membership dues charged since 2016 and finance charges against the reimbursement of the initiation fees as there was no disclosure of such right in any of the corporate membership documents including the statement of information.
17. As a direct result of Defendant's breach, Plaintiff has suffered damages, including but not limited to the unpaid initiation fee, plus interest.

CLAIM TWO: Breach of the Covenant of Good Faith and Fair Dealing

18. Plaintiff incorporates by reference all preceding paragraphs.

19. Under Massachusetts law, every contract includes an implied covenant of good faith and fair dealing.
20. The Defendant breached this covenant by refusing to reimburse the initiation fee and selectively applying the resignation list to delay reimbursement of the initiation fee of the Plaintiff.
21. Defendant breached this covenant by attempting to get Plaintiff to accept a net reimbursement of the initiation fee owed less the annual membership fees charged and finance charges since 2016 even though the membership agreement and statement of information and Corporate by-laws did not disclose such practice. This is in violation of the MA Consumer Protection Act.
22. As a direct result, Plaintiff has suffered damages, including but not limited to the unpaid initiation fee and Plaintiff is entitled to treble damages.

CLAIM THREE: Unjust Enrichment

23. Plaintiff incorporates by reference all preceding paragraphs.
24. Defendant has been unjustly enriched at the expense of Plaintiff by retaining the initiation fee of Plaintiff while admitting new members and collecting initiation fees from those new members.
25. Defendant has been unjustly enriched by charging Plaintiff annual membership dues and monthly finance charges on a compound basis without disclosing such practice in any membership documents or Statement of Information.
26. Defendant has been unjustly enriched by offering to reimburse Plaintiff their initiation fee less the annual membership fees charged since 2016 and finance charges despite the fact that Plaintiff has not used any of the services of the Club since January 2016. Defendant did not disclose to Plaintiff that it would offset these membership charges and compound interest against the Initiation deposit. No membership documents contain such disclosures.
27. It would be inequitable for the Defendant to retain this benefit without compensating Plaintiffs.

CLAIM FOUR: – Fraud and Deceit

28. Plaintiff incorporates by reference all preceding paragraphs.
29. Defendant intentionally misrepresented or concealed material facts regarding its obligation to reimburse the Plaintiff's initiation fee in order to induce Plaintiff to forgo its rights under the Agreement.
30. Defendant filed documents with the Massachusetts Secretary of State holding itself out as a health club. Under Massachusetts law, Health Club agreements are only valid for 3 years and then they are required to be affirmatively renewed. Defendant engaged in

      deceptive practices by advertising health club facilities but not requiring members to renew their membership agreements every three years.
31. Defendant informed Plaintiff that while waiting to be reimbursed the initiation fee if Plaintiff did not use any Club services they would not be charged any membership fees.
32. Plaintiff reasonably relied on the Defendant's misrepresentations to their detriment, and as a result, have suffered damages.

CLAIM FIVE: Violation of Massachusetts General Laws Chapter 93A
33. Plaintiff incorporates by reference all preceding paragraphs.
34. The Defendant's actions, including but not limited to its refusal to reimburse the initiation fee and its imposition of unauthorized charges, constitute unfair and deceptive acts or practices in violation of Massachusetts General Laws Chapter 93A.
35. Defendant's actions in not disclosing that it would offset outstanding charges against the reimbursement of the initiation fee in writing is a violation of the Massachusetts General Laws Chapter 93A.
36. As a result, Plaintiff is entitled to recover up to three times the actual damages, attorneys' fees, and costs, pursuant to Chapter 93A.

E. REQUEST FOR RELIEF

Plaintiff respectfully request that this Court enter judgment in favor of Plaintiff and against the Defendant, and award the following relief:

1. Compensatory damages in the amount of $160,000, plus interest;
2. Treble damages, attorneys' fees, and costs as provided by Massachusetts General Laws Chapter 93A;
3. Punitive damages;
4. Injunctive relief as appropriate;
5. Such other and further relief as the Court deems just and proper.

F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*gerald barth*

(Plaintiff's signature)

June 16, 2025

(Date)