IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01883-NRN

GERALD BARTH,

    Plaintiff,

v.

CLIFFSIDE BEACH, INC. d/b/a CLIFFSIDE BEACH CLUB AND HOTEL,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) (ECF No. 12)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This case comes to the Court upon the consent of the parties to magistrate judge jurisdiction, ECF No. 15, and an Order of Reference entered by Chief Judge Philip A. Brimmer on September 10, 2025, ECF No. 17. Now before the Court is Defendant Cliffside Beach, Inc. d/b/a Cliffside Beach and Hotel's ("Cliffside") Motion to Dismiss Complaint for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Motion to Dismiss"). ECF No. 12. Plaintiff Geral Barth, proceeding pro se, filed a response, ECF No. 18, and Cliffside filed a reply, ECF No. 20.

    The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

This lawsuit arises out of dispute regarding a Club Membership Agreement (the "Agreement") between Plaintiff, a Colorado resident, and Cliffside, the operator of a for-profit beach club in Massachusetts. *See generally* ECF No. 1. Plaintiff brings claims for breach of contract, unjust enrichment, fraud, and violations of Massachusetts state law. Plaintiff alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). *Id.* at 2.

The facts as alleged in the Complaint are relatively straightforward. The parties entered into the Agreement in 2008. *Id.* at 3, ¶ 1. The Agreement stipulated that Plaintiff would be entitled to reimbursement of the $160,000 initiation fee upon notice to Cliffside of Plaintiff's intent to resign and the admission of a new member to replace them or upon the sale of stock in the Club or its real estate. *Id.* ¶ 2. When Plaintiff resigned his membership in November 2015, he was informed that it could be several years before Cliffside would have enough new members to be able to reimburse Plaintiff's initiation fee. *Id.* ¶¶ 3–4. However, Plaintiff claims that he was informed by Cliffside that he would not be charged with the annual membership fee while he was on the waitlist for reimbursement if he did not use any of the club's facilities. *Id.* ¶ 6.

Unbeknownst to Plaintiff, Cliffside continued to charge him for annual membership fees, as well as a 1.4% compounding monthly finance charge on the unpaid balance. *Id.* ¶ 5. Plaintiff was unaware of the charges until August 2022, when he inquired about the status of initiation fee reimbursement and learned that he had incurred over $100,000 in charges, which Cliffside said would be applied against any

reimbursement. *Id.* at 4, ¶ 10. Plaintiff's 2024 demand for reimbursement was rejected. *Id.* ¶ 11.

II. **The Parties' Positions**

    a. **Cliffside's Motion to Dismiss**

Cliffside has moved to dismiss for lack of personal jurisdiction. According to Cliffside, this case has nothing to do with Colorado beyond the fact that Plaintiff lives here. In support of its personal jurisdiction argument, Cliffside submitted a declaration from Robert Currie, Cliffside's President. ECF No. 12-1. Mr. Currie states as follows.

- Cliffside operates a private beach club in Nantucket, Massachusetts, and derives all of its revenues from the operation of the property. *Id.* ¶¶ 2, 4.
- Cliffside is incorporated and maintains its principal place of business in Massachusetts. *Id.* ¶¶ 10–11.
- Cliffside is not registered to conduct business in Colorado, does not have an agent for service of process in Colorado, and does not conduct business in Colorado. *Id*. ¶¶ 12–14.
- Cliffside does not maintain, rent, or own any property in Colorado, does not maintain bank accounts in Colorado, does not have any contracts with any Colorado entities, and does not pay Colorado taxes. *Id.* ¶¶ 15–18.
- Cliffside does not manufacture or sell any goods or services in Colorado, has never sent any of its staff or agents to solicit business in Colorado, and does not purposefully direct any marketing activities to Colorado residents. *Id.* ¶¶ 19–20.

Given these facts, Cliffside contends that it is clear this Court has neither general nor specific jurisdiction over Cliffside.

3

### b. Plaintiff's Response

Plaintiff submitted his own statement of facts, ECF No. 18 at 2, and declaration, ECF No. 18-1. He confirms that he is a Colorado resident who first visited Cliffside in 2007 while on vacation in Nantucket. ECF No. 18-1 ¶¶ 1–2. The parties disagree on where the Agreement was signed; Cliffside says Plaintiff signed it and delivered the check for the initiation fee in Nantucket, ECF No. 12-1 ¶¶ 7–8, Plaintiff claims he mailed it to Nantucket from Colorado, ECF No. 18 at 2, ¶¶ 6–7. Otherwise, the basic facts are not disputed, except Plaintiff points out that many of Cliffside's members reside outside of Massachusetts, and Cliffside markets to and communicates with out-of-state members and prospective members. ECF No. 18 at 2, ¶¶ 4, 8–10.

Plaintiff argues that Cliffside is subject to specific personal jurisdiction since Cliffside purposefully executed the Agreement with the knowledge that Plaintiff was a Colorado resident, and the claims arise directly from this contractual relationship. Plaintiff further claims that Cliffside knew or should have known that by wrongfully withholding the reimbursement funds, and thereby breaching the Agreement, Plaintiff would suffer injuries in Colorado.

## III. LEGAL STANDARDS

### a. Dismissal for Lack of Personal Jurisdiction

Rule 12(b)(2) authorizes a responding party to seek dismissal based on the lack of personal jurisdiction, which can rely on evidence outside of the complaint. Fed. R. Civ. P. 12(b)(2); *XMission, L.C. v. Fluent Ltd. Liab. Co.*, 955 F.3d 833, 839 (10th Cir. 2020) (noting a motion to dismiss for lack of jurisdiction is "decided on the basis of affidavits and other written material"). When the court's jurisdiction is contested, the

"plaintiff has the burden of establishing personal jurisdiction." *XMission, L.C.*, 955 F.3d at 839. A plaintiff can defeat a motion to dismiss only by "presenting evidence," in the form of "uncontested allegations in its complaint or other materials, or an affidavit or declaration," that, if true, would support a finding of personal jurisdiction. *Id.*

For personal jurisdiction over a defendant to be proper, the plaintiff must establish that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Because "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause," the Court need only decide whether the exercise of personal jurisdiction would be consistent with the requirements of federal due process. *Id.*

A court constitutionally may exercise personal jurisdiction in one of two ways, through either general jurisdiction or specific jurisdiction. *Hargrave v. Concord Moon, L.P.*, 278 F. App'x 853, 855 (10th Cir. 2008) ("Jurisdiction over corporations may be either general or specific.").

General jurisdiction is established only "if [a defendant's] contacts with the State are so continuous and systematic that [it] is essentially at home" in the forum. *XMission, L.C.*, 955 F.3d at 840 (internal quotation marks omitted). Mere "continuous activity of some sort within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011). Rather, only a "limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For a corporation, "the place of incorporation and

5

principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* (alteration in original) (internal quotation marks omitted).

The specific jurisdiction question is a two-step inquiry. *Benton*, 375 F.3d at 1075. First a court must determine if the defendant has "purposefully directed [its] activities at residents of the forum," and also that "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted). Second, if the defendant's actions do create sufficient minimum contacts, then a court must "consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Benton*, 375 F.3d at 1075 (internal quotation marks omitted).

### b. Pro Se Plaintiff

Plaintiff proceeds pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173– 74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for

the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

IV. ANALYSIS

The Court has neither general nor specific jurisdiction over Cliffside.

### a. General Jurisdiction

Cliffside is a Massachusetts corporation with a principal place of business in Nantucket, Massachusetts. There are no facts alleged which could establish that Cliffside has such a continuous and systematic presence in Colorado such as to render it "at home" here. Accordingly, there is no reasonable argument that there is general personal jurisdiction over Cliffside in Colorado.

### b. Specific Jurisdiction

As noted above, to establish minimum contacts for purposes of specific personal jurisdiction, the Court asks whether Cliffside purposefully directed its activities at residents of Colorado and whether Plaintiff's injury arose from those purposefully directed activities. *Newsome v. Gallacher,* 722 F.3d 1257, 1264 (10th Cir. 2013). If the answer to these questions is yes, the Court must determine whether exercising jurisdiction would offend traditional notions of fair play and substantial justice. *Id.* Plaintiff has not met his burden regarding any of these elements.

To establish the first element of the specific personal jurisdiction inquiry, courts ask if the defendant "purposefully availed" itself of the benefits and protections of the forum state. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1071 (10th Cir. 2008) ("The first element can appear in different guises. In the tort context, we

7

often ask whether the nonresident defendant 'purposefully directed' its activities at the forum state; in contract cases, meanwhile, we sometimes ask whether the defendant 'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state."). "In all events, the shared aim of 'purposeful direction' doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (quoting *Burger King*, 471 U.S. at 475). The focus of this "inquiry is the defendant's relationship to the forum state." *Bristol-Myers Squibb Co. v. Super Ct. Cal., S.F. Cnty, et al.,* 582 U.S. 255, 262 (2017) (citations omitted).

Second, the "minimum contacts" analysis "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Thus, jurisdiction may be properly exercised over "defendants who have purposefully 'reach[ed] out beyond' their State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State." *Id.* (quoting *Burger King,* 471 U.S. at 479–480). "But the plaintiff cannot be the only link between the defendant and the forum." *Id.*

Plaintiff's primary argument is that the Cliffside is subject to personal jurisdiction in Colorado because it "voluntarily entered into a contract with Plaintiff, who is a Colorado resident." ECF No. 18 at 4. However, "[a] contract between an out-of-state party and a resident of the forum state cannot, standing alone, establish sufficient minimum contacts with the forum." *Benton*, 375 F.3d at 1077 (citing *Burger King*, 471 U.S. at 473). "In a contract case, relevant factors for assessing minimum contacts

8

include 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Id.* (quoting *Burger King*, 471 U.S. at 479). "It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995).

Here, Plaintiff does not allege any facts showing that Cliffside had minimum contacts with Colorado. Cliffside is a private beach club that is located and only operates in Nantucket, Massachusetts. It does not provide any services or sell any items in Colorado. It does not solicit business in Colorado. As discussed below, it did not solicit Plaintiff's business in Colorado. The Agreement was performed in Massachusetts, where the beach club is located, not in Colorado. Cliffside's allegedly wrongful acts occurred in Massachusetts. As Cliffside notes, the only mention of Colorado in the Complaint is in reference to Plaintiff's citizenship. ECF No. 1 at 2. The mere fact that Cliffside entered into a contract with a Colorado resident does not constitute the minimum contacts necessary to constitutionally exercise jurisdiction. *See Kelso v. Lyford Cay Members Club Ltd.,* 162 F. App'x 361, 364 (5th Cir. 2006) (finding that a private club in the Bahamas that actively solicited the plaintiff's membership did not direct its activities to Texas in such a manner that the cause of action arose from the club's activities in the forum state). In other words, Cliffside's only link to Colorado is Plaintiff, and this type of fortuitous and attenuated connection is plainly insufficient to support the exercise of personal jurisdiction.

Plaintiff further notes that Cliffside "marketed its services to out-of-state residents through a nationwide online platform, including Colorado." ECF No. 18 at 2. This is not

9

sufficient to establish minimum contacts. The Tenth Circuit has recognized that "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed." *Shrader v. Biddinger,* 633 F.3d 1235, 1244 (10th Cir. 2011). Instead, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* at 1241. The Complaint does not allege that Cliffside's website contained Colorado-specific information or that it directed advertisements to Colorado residents in particular such that the forum state was intentionally targeted by the club. *Baldwin v. Athens Gate Belize, LLC*, No. 18-cv-00586-PAB-NYW, 2019 WL 4674332, at *4 (D. Colo. Sept. 24, 2019); *see also Boppy Co. v. Luvee Prods. Corp.*, No. 04-MK-320, 2004 WL 2608265, at *4 (D. Colo. May 25, 2004) ("[T]he Court notes that many cases recognize that the 'purposeful' element is not satisfied by an interactive website that is generally available to persons nationwide (much less worldwide) but which does not specifically target residents of the forum state to a degree greater than any other users.").

Moreover, Plaintiff does not even allege that he learned about Cliffside via the website or through other marketing efforts. Rather, he explicitly states that he "first became aware of Defendant and Defendant's Beach Club in the Summer of 2007 when Plaintiff's wife was receiving Physical Therapy at Defendant's club from Defendant's Personal Trainer on staff." ECF No. 18 at 4. Thus, it is undisputed the Plaintiff initiated contact with Cliffside in person; there was no business conducted between the parties through the club's website. Under these facts, the Court cannot conclude that Cliffside

engaged in an intentional act deliberately aimed at the forum state so as to render them subject to Colorado's personal jurisdiction. Dismissal under Rule 12(b)(2) is appropriate.

Finally, it would be unreasonable for a Colorado federal court to exercise jurisdiction over this case. Plaintiff's claims are grounded in Massachusetts common law and/or state statute. Such matters are better decided by Massachusetts courts.

## V.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Cliffside Beach, Inc. d/b/a Cliffside Beach and Hotel's Motion to Dismiss Complaint for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2), ECF No. 12, is **GRANTED**. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Date: November 14, 2025

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge